1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11  MICHAEL ANDREWS,                    )    1:09-cv-01429-JLT HC
                                        )
12              Petitioner,             )    ORDER TO SHOW CAUSE WHY THE
                                        )    PETITION SHOULD NOT BE DISMISSED
13        v.                            )    FOR VIOLATION OF THE ONE-YEAR
                                        )    STATUTE OF LIMITATIONS
14                                      )
    MICHAEL MARTEL, Warden,             )    ORDER REQUIRING RESPONSE TO BE
15                                      )    FILED WITHIN THIRTY DAYS
                Respondent.             )
16  _____)

17

18                            **PROCEDURAL HISTORY**

19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.   A preliminary review of the Petition, however, reveals that the

21  petition may be untimely and should therefore be dismissed.

22                                **DISCUSSION**

23        A.  Preliminary Review of Petition

24        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

25  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

26  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

27  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

28  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

                                        1

1 dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

2 Cir.2001).

3          The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

4 habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

5 notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By this Order to

6 Show Cause, the Court is providing Petitioner with an opportunity to respond to the Court's concern

7 regarding the timeliness of the petition prior to outright dismissal of the petition itself.

8          B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

9          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

10 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

11 corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

12 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

13 (1997).  The instant petition was filed on August 7,  2009,[1] and thus, it is subject to the provisions of

14 the AEDPA.

15          The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

16 petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

17 reads:

18          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
            corpus by a person in custody pursuant to the judgment of a State court.  The
19          limitation period shall run from the latest of –

20

21

22 [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
23 mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
24 Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on*
25 *other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the
earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v.
26 Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal
petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature
27 appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for
calculating the running of the statute of limitation.  For the instant petition, Petitioner signed it on August 7, 2009. (Doc. 1,
28 p. 9).

2

1

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

3

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

5

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

6

7

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

8

     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

9

not be counted toward any period of limitation under this subsection.

10   28 U.S.C. § 2244(d).

11        In most cases, the limitation period begins running on the date that the petitioner's direct

12   review became final.  Here, the Petitioner was convicted on June 25, 1997, in the Superior Court for

13   the County of Kings.  (Doc. 1, p. 1).  Subsequently, Petitioner appealed his conviction, which

14   included filing an appeal in the California Court of Appeal, Fifth Appellate District ("5th DCA"), that

15   was denied on June 22, 1998.  (Doc. 1, p. 2).  Thereafter, Petitioner filed a Petition for Review in the

16   California Supreme Court that was denied by that court on January 27, 1999 in case no. S075506.

17   (Id.).[2]  Thus, direct review would have concluded on April 27, 1999, when the ninety-day period for

18   seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887

19   (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347

20   (8th Cir.1998).  Petitioner would then have one year from the following day, April 28, 1999, or until

21   April 27, 2000, absent applicable tolling, within which to file his federal petition for writ of habeas

22   corpus.  As discussed above, Petitioner did not file the instant petition until August 7, 2009, over

23

24       [2]The Court determined the date of denial of the Petition for Review by accessing the California court system's electronic database.  A federal court may take notice of facts that are capable of accurate and ready determination by resort

25   to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned,

26   and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial

27   Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the

28   Court of Appeal and the California Supreme Court, are subject to judicial notice.

1    nine years *after* the one-year period would have expired.  Accordingly, unless Petitioner is entitled to

2    statutory or equitable tolling, the petition is untimely and should be dismissed.

3           C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

4           Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

5    application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

6    § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

7    governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

8    U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

9    petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

10   delay in the intervals between a lower court decision and the filing of a petition in a higher court.

11   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

12   by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

13   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

14   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

15   (9th Cir. 1999).

16          Nevertheless, there are circumstances and periods of time when no statutory tolling is

17   allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

18   appeal and the filing of an application for post-conviction or other collateral review in state court,

19   because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.

20   Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

21   a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a

22   federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120

23   (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,

24   2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already

25   run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

26   ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the

27   state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner

28   is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See

1  Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

2       Here, Petitioner alleges that he filed the following state court habeas petitions: (1) filed in the

3  Superior court on September 5, 2008, and denied on October 30, 2008; (2) filed in the Fifth DCA on

4  December 3, 2008, and denied on December 11, 2008; and (3) filed in the California Supreme Court

5  on January 12, 2009, and denied on June 17, 2009.  (Doc. 1, pp. 83; 86; 88).

6       Even assuming, without deciding, that these three state habeas petitions were "properly filed"

7  within the meaning of the AEDPA, thus entitling Petitioner to statutory tolling of the one-year period

8  during the pendency of those petitions, a petitioner is <u>not</u> entitled to tolling where, as here, the

9  limitations period has *already run* prior to filing the state habeas petition.  Green v. White, 223 F.3d

10  1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199

11  F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section

12  2244(d) does not permit the reinitiation of the limitations period that has ended before the state

13  petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to

14  exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

15  As mentioned, the limitations period expired on April 27, 2000, over eight years *before* Petitioner

16  filed his first state habeas petition.  Accordingly, he cannot avail himself of the statutory tolling

17  provisions of the AEDPA.

18       D.  Equitable Tolling

19       The limitation period is subject to equitable tolling when "extraordinary circumstances

20  beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland,

21  410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When

22  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

23  claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d

24  1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of

25  establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

26  extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct.

27  1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

28  the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

1    omitted).  As a consequence, "equitable tolling is unavailable in most cases."  <u>Miles</u>, 187 F. 3d at

2    1107.

3            Here, Petitioner has not alleged any entitlement to equitable tolling and, based on the record

4    now before the Court, the Court perceives no basis for such equitable tolling.  However, Petitioner

5    will be permitted to respond to the Order to Show Cause and to address the Court's concern

6    regarding the timeliness of the petition.  If Petitioner fails to provide satisfactory reasons for the

7    apparent untimeliness of the petition, the petition may be dismissed.

8                                            **<u>ORDER</u>**

9            Accordingly, the Court HEREBY ORDERS as follows:

10           1.   Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service

11                of this Order why the Petition should not be dismissed for violation of the one-year

12                statute of limitations in 28 U.S.C. § 2244(d).

13           Petitioner is forewarned that his failure to comply with this order may result in a

14   Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

15

16

17

18   IT IS SO ORDERED.

19   Dated:   **January 5, 2010**                                    **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28