1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ANDREWS, | ) | 1:09-cv-01429-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR |
| | ) | VIOLATION OF THE ONE-YEAR |
| v. | ) | STATUTE OF LIMITATIONS |
| | ) | |
| MICHAEL MARTEL, Warden, | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND CLOSE FILE |
| Respondent. | ) | |
| | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 19, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 6).  On January 5, 2010, after a preliminary review of the Petition indicated that the petition may be untimely and should therefore be dismissed, the Court issued an Order to Show Cause why the petition should not be dismissed as untimely.  (Doc. 8).  On March 1, 2010, after receiving an extension of time from this Court, Petitioner filed his response.  (Doc. 11).  After reviewing the response, the Court concludes that the petition is untimely.

1

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.   By issuing the Order to Show Cause on January 5, 2010, the Court provided Petitioner with the opportunity to respond required by the Ninth Circuit.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on August 7,  2009,[1] and thus, it is subject to the provisions of the AEDPA.

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom.* Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  For the instant petition, Petitioner signed it on August 7, 2009.  (Doc. 1, p. 9).

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on June 25, 1997, in the Superior Court for the County of Kings.  (Doc. 1, p. 1).  Subsequently, Petitioner appealed his conviction, which included filing an appeal in the California Court of Appeal, Fifth Appellate District ("5th DCA"), that was denied on June 22, 1998.  (Doc. 1, p. 2).  Thereafter, Petitioner filed a Petition for Review in the California Supreme Court that was denied by that court on January 27, 1999 in case number S075506.  (Id.).[2]  Thus, direct review would have concluded on April 27, 1999, when the ninety-day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S.

---

[2]The Court determined the date of denial of the Petition for Review by accessing the California court system's electronic database.  A federal court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court, are subject to judicial notice.

3

880, 887 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999); <u>Smith v. Bowersox</u>, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year from the following day, April 28, 1999, or until April 27, 2000, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.   As discussed above, Petitioner did not file the instant petition until August 7, 2009, over nine years *after* the one-year period would have expired.  Accordingly, unless Petitioner is entitled to some for of statutory or equitable tolling, the petition is untimely and should be dismissed.

### C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. <u>Delhomme v. Ramirez</u>, 340 F. 3d 817, 819 (9th Cir. 2003), <u>abrogated on other grounds as recognized by</u> <u>Waldrip v. Hall</u>, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); <u>see</u> <u>Evans v. Chavis</u>,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); <u>see</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); <u>see</u> <u>also</u>, <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  <u>Nino</u>, 183 F.3d at 1006-1007.  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  <u>Id.</u> at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  <u>Duncan v. Walker</u>, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); <u>see</u> <u>also</u>, <u>Fail v. Hubbard</u>, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003)

4

("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that he filed the following state court habeas petitions: (1) filed in the Superior court on September 5, 2008, and denied on October 30, 2008; (2) filed in the Fifth DCA on December 3, 2008, and denied on December 11, 2008; and (3) filed in the California Supreme Court on January 12, 2009, and denied on June 17, 2009.  (Doc. 1, pp. 83; 86; 88).

Even assuming, without deciding, that these three state habeas petitions were "properly filed" within the meaning of the AEDPA, thus entitling Petitioner to statutory tolling of the one-year period during the pendency of those petitions, a petitioner is not entitled to tolling where, as here, the limitations period has *already run* prior to filing the state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).  As mentioned, the limitations period expired on April 27, 2000, over eight years *before* Petitioner filed his first state habeas petition.  Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

D.  Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct.

1807 (2005).  "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  <u>Miranda v. Castro</u>, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  <u>Miles</u>, 187 F. 3d at 1107.

Here, Petitioner's response to the Order to Show Cause implicitly raises a claim for equitable tolling, i.e., specifically that he has a meritorious claim and that it would be a "miscarriage of justice" not to be able to raise his claim, and that the "mysteries and vagaries of AEDPA and the ephemeral nature of state filing procedures" were beyond Petitioner's ability to comprehend.  (Doc. 11, pp. 4-6).

The fact that the claims themselves may have merit is not a factor in considering whether the petition is timely.  There is no provision within the AEDPA for tolling or otherwise suspending the running of the one-year limitation period simply because the claims a petitioner wishes to raise have merit.

Nor is a petitioner's ignorance of the law a proper basis for equitable tolling.  <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>see</u>, <u>e.g.</u>, <u>Hughes v. Idaho State Bd. of Corrections</u>, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause);  <u>Fisher v. Johnson</u>, 174 F.3d 710 (5th Cir. 1999); <u>Rose v. Dole</u>, 945 F.2d 1331, 1335 (6th Cir.1991).   Petitioner's indigent status and limited legal knowledge are circumstances shared by the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  Such circumstances are therefore *not* extraordinary and do not justify equitable tolling.  If limited legal knowledge and resources were excuses for not complying with the limitations period, Congress would have never enacted the AEDPA since most incarcerated prisoners suffer these same problems.

Moreover, the Court finds that Petitioner has not acted with diligence, a pre-requisite to entitlement to equitable tolling as equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way," been prevented from asserting his rights.  In his response to the Order to Show Cause, Petitioner falls back on his argument that the claims he is seeking to raise have merit and that the AEDPA is difficult to understand for someone unskilled in the law.  Such arguments, however, while undoubtedly creating some difficulties for any inmate,

1   simply do not justify a nine-year delay in presenting claims to this Court.  The majority of state

2   inmates are able to file their federal petitions within the one-year period provided by the AEDPA

3   despite the problems raised by Petitioner.   A petitioner who fails to act diligently cannot invoke

4   equitable principles to excuse his lack of diligence.  See Baldwin County Welcome Center v. Brown,

5   466 U.S. 147, 151 (1984).

6           Finally, the Court declines to issue a certificate of appealability.  The requirement that a

7   petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of

8   Appeals from having to devote resources to frivolous issues, while at the same time affording

9   petitioners an opportunity to persuade the Court that, through full briefing and argument, the

10  potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).

11  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

12  district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

13  El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253, provides as

14  follows:

15          (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge,
            the final order shall be subject to review, on appeal, by the court of appeals for the circuit in
16          which the proceeding is held.
            (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a
17          warrant to remove to another district or place for commitment or trial a person charged with a
            criminal offense against the United States, or to test the validity of such person's detention
18          pending removal proceedings.
            (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not
19          be taken to the court of appeals from--
                (A) the final order in a habeas corpus proceeding in which the detention
20              complained of arises out of process issued by a State court;  or
                (B) the final order in a proceeding under section 2255.
21          (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made
            a substantial showing of the denial of a constitutional right.
22          (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or
            issues satisfy the showing required by paragraph (2).
23

24          Accordingly, final orders issued by a federal district court in habeas corpus proceedings are

25  reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a petitioner

26  must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court will issue a certificate of

27  appealability when a petitioner makes a substantial showing of the denial of a constitutional right.

28  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that

    "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (*quoting* <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has not shown an entitlement to federal habeas corpus relief.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**<u>ORDER</u>**

Accordingly, the Court HEREBY ORDERS as follows:

1.  The petition for writ of habeas corpus (Doc. 1), is DISMISSED for violating the one-year limitation period in 28 U.S.C. § 2244(d)(1);

2.  The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

3.  The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **March 9, 2010**                                                            **/s/ Jennifer L. Thurston**
                                                                                                 UNITED STATES MAGISTRATE JUDGE